UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. _____

RAUL QUINTANA,

    Plaintiff,

v.

TRANSPORTATION AMERICA, INC. d/b/a LSF Shuttle A Transportation America Company; LIMOUSINES OF SOUTH FLORIDA, INC. d/b/a LSF Shuttle A Transportation America Company a/k/a 50375-Limousines of South Florida, Inc.; and FRANKCRUM 5, INC.,

    Defendants.

## COMPLAINT

Plaintiff RAUL QUINTANA ("Plaintiff") sues defendants TRANSPORTATION AMERICA, INC. d/b/a LSF Shuttle A Transportation America Company; LIMOUSINES OF SOUTH FLORIDA, INC. d/b/a LSF Shuttle A Transportation America Company a/k/a 50375-Limousines of South Florida, Inc.; and FRANKCRUM 5, INC. (collectively, "Defendants") and alleges as follows:

### NATURE OF ACTION

1. This action involves the application of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA").

## JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(3) and (4) and 28 U.S.C. § 2617.

3. Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of occurred within this judicial district and because Defendants have their principal place of business within the district, reside in the judicial district, do business in this judicial district, and because the employment records of Plaintiff are stored or have been administered, in Miami-Dade County, Florida.

## PARTIES

4. At all times material, Plaintiff was and is a resident of Miami-Dade County, Florida.

5. At all times material to this Complaint, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2)(A).

6. At all times material, Defendant TRANSPORTATION AMERICA, INC. d/b/a d/b/a LSF Shuttle A Transportation America Company (individually "TA") is a Florida corporation with a main place of business in Miami-Dade County, Florida.

7. At all times material, Defendant LIMOUSINES OF SOUTH FLORIDA, INC. d/b/a LSF Shuttle A Transportation America Company a/k/a 50375-Limousines of South Florida, Inc. (individually "LSF") is a Florida corporation with a main place of business in Miami-Dade County, Florida.

8. At all times material, Defendant FRANKCRUM 5, INC. (individually "Frankcrum") is a Florida corporation with offices in Clearwater, Florida.

9.  Defendants share common ownership, common management, centralized control of labor relations, and common offices and interrelated operations. Defendants are an integrated enterprise covered under the FMLA and are jointly and severally liable. Alternatively, each company is a covered employer under the FMLA.

10. Defendants share employees or interchange employees; work in the direct interest of one another; and their employees are in the common control of all Defendants. Defendants are joint employers covered under the FMLA and are jointly and severally liable. Alternatively, each company is a covered employer under the FMLA.

11. Alternatively, each defendant is an agent of the other and are jointly and severally liable under principles of agency. As agents of each other, the Defendants individually or as a whole are covered employers under the FMLA.

12. At all times material, each Defendant was an "employer" as defined by 29 U.S.C. § 2611(4). Alternatively, all Defendants as a whole satisfy the definition of "employer" under 29 U.S.C. § 2611(4).

13. Each Defendant is an employer with 50 or more employees in 20 or more workweeks in the current or preceding calendar year. Alternatively, all Defendants, as a whole, have and had 50 or more employees in 20 or more workweeks in the current or preceding calendar year.

14. Plaintiff worked for Defendants for at least 12 months.

15. Plaintiff had at least 1,250 hours of service for Defendants during the 12-month period immediately preceding the time he notified Defendants of his need to take FMLA leave.

16. Plaintiff worked for Defendants at a location where Defendants had and has at least 50 employees within 75 miles.

## GENERAL ALLEGATIONS

17. At all times material, Plaintiff was employed by Defendants as a driver from approximately July 16, 2018 until his wrongful termination.

18. Plaintiff performed his work admirably and was revered by his colleagues with whom he worked.

19. At work, Plaintiff began having excruciating pain on or about December 10, 2019.

20. Plaintiff went to see his doctor who in turn referred him to a urologist for medical treatment. Plaintiff's urologist sent Plaintiff to a surgeon. The surgeon diagnosed Plaintiff with a hernia that needed surgery.

21. Plaintiff communicated about his medical treatment and of his diagnosis to the Defendants. Defendants approved Plaintiff's leave to see his doctors.

22. Plaintiff's surgeon scheduled Plaintiff for surgery to his hernia for January 31, 2020, to be followed by at least a 3-week recovery period.

23. Plaintiff kept Defendants informed of his need for surgery, the date of his surgery, and of the need for recovery from the surgery, as advised by Plaintiff's doctors.

24. On or about February 24, 2020, Plaintiff was cleared to return to work and immediately notified Defendants that he was able to start working again.

25. On or about February 26, 2020, Plaintiff met with his supervisors who informed him that he had been terminated because he "abandoned" his job and someone else had replaced Plaintiff.

26. As of the date of this filing, Defendants never notified Plaintiff of his eligibility to take FMLA leave or explained to Plaintiff what the FMLA was.

## COUNT I: INTERFERENCE WITH FMLA RIGHTS – FAILURE TO PROVIDE NOTICE

27. Plaintiff repeats and re-alleges paragraphs 1-26 as if fully stated herein.

28. Plaintiff was an "eligible employee" and entitled to leave under the FMLA.

29. At all times material, Plaintiff gave proper notice to Defendants by informing of his serious medical condition and his need for surgery and recovery.

30. Plaintiff provided enough information for Defendants to know that his potential leave may be covered by the FMLA.

31. Defendants were aware that Plaintiff was unable to work due to his serious medical condition.

32. At all times material hereto, Plaintiff communicated with Defendants regarding his serious medical condition.

33. Defendants had knowledge of Plaintiff' serious medical condition and the reason for Plaintiff's absences and upcoming absence from work.

34. Despite its knowledge of Plaintiff's serious medical condition, Defendants failed to notify Plaintiff of his eligibility status and rights under the FMLA and failed to notify Plaintiff whether his leave was or could be designated as FMLA leave.

35. Upon information and belief, Defendants failed to keep posted a notice explaining the provisions of the FMLA and providing information concerning the procedures for filing complaints of FMLA violations with the Wage and Hour Division ("WHD").

36. Upon information and belief, Defendants failed to provide general notice of FMLA rights to its Spanish-speaking employees, including Plaintiff.

37. Instead of informing Plaintiff of his rights under the FMLA, Defendants terminated Plaintiff falsely accusing him of having "abandoned" his job.

38. By failing to notify Plaintiff of his FMLA rights, Defendants interfered with Plaintiff's rights to take leave under the FMLA and denied him the benefits to which he was entitled.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a. Enter judgment in Plaintiff's favor and against Defendants for their violations of FMLA;

b. Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

c. Award Plaintiff liquidated damages based on Defendants' conduct;

d. Award Plaintiff prejudgment interest on his damages award;

e. Award Plaintiff reasonable costs and attorney's fees;

f. Award Plaintiff any further relief pursuant to the FMLA; and,

g. Grant Plaintiff such other and further relief, as this Court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues so triable.

SAENZ & ANDERSON, PLLC

20900 NE 30th Avenue, Suite 800  Telephone: 305.503.5131
Aventura, Florida 33180  Facsimile: 888.270.5549

## COUNT II: INTERFERENCE
## WITH FMLA RIGHTS – TERMINATION

39. Plaintiff repeats and re-alleges paragraphs 1-26 as if fully stated herein.

40. Plaintiff was an "eligible employee" and entitled to leave under the FMLA.

41. At all times material, Plaintiff gave proper notice to Defendants by informing of his serious medical condition and of his need for surgery and recovery.

42. Plaintiff provided enough information for Defendants to know that his potential leave may be covered by FMLA.

43. Defendants were aware that Plaintiff was unable to work due to his serious medical condition.

44. At all times material hereto, Plaintiff communicated with Defendants regarding his serious medical condition.

45. Defendants had knowledge of Plaintiff' serious medical condition and the reason for Plaintiff's absences and upcoming absence from work.

46. Defendants terminated Plaintiff.

47. On or about February 26, 2020, Defendants informed Plaintiff that he had "abandoned" his job and that Plaintiff had been replaced.

48. By terminating Plaintiff, Defendants interfered with Plaintiff's rights to take leave under the FMLA and denied him the benefits to which he was entitled.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a. Enter judgment in Plaintiff's favor and against Defendants for their violations of FMLA;

b. Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

c. Award Plaintiff liquidated damages based on Defendants' conduct;

d. Award Plaintiff prejudgment interest on his damages award;

e. Award Plaintiff reasonable costs and attorney's fees;

f. Award Plaintiff any further relief pursuant to the FMLA; and,

g. Grant Plaintiff such other and further relief as this court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Dated: March 26, 2020.

By: */s/ R. Martin Saenz*
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 N.E. 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549