UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-21300-CIV-MARTINEZ/AOR

RAUL QUINTANA,

    Plaintiff,

v.

TRANSPORTATION AMERICA, INC.,
LIMOUSINES OF SOUTH FLORIDA, INC., *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

THIS CAUSE came before the Court upon Defendants Transportation America, Inc. and Limousines of South Florida, Inc. (together, "Defendants") Motion for Attorney's Fees and Costs (hereafter, "Motion for Fees") [D.E. 40]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Jose E. Martinez, United States District Judge [D.E. 42]. For the reasons stated below, the undersigned respectfully recommends that the Motion for Fees be GRANTED.

**PROCEDURAL AND FACTUAL BACKGROUND**

On March 26, 2020, Plaintiff Raul Quintana ("Plaintiff") commenced this action, asserting claims for violations of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA"). See Compl. [D.E. 1].

As a condition of his employment with Defendants, Plaintiff had signed an Alternative Dispute Resolution agreement ("Arbitration Agreement"), which provides, in pertinent part:

> As a condition of your employment, you agree to utilize the Company's employment alternative resolution processes to resolve legal claims against the Company - rather than go to court. You will submit any employment related legal

claim except workers' compensation and unemployment compensation to final and binding neutral third party arbitration pursuant to the existing National Rules for the Resolution of Employment Disputes of the American Arbitration Association. Except for a filing fee, the costs of arbitration will be paid by the Company unless you want to share in the costs.

***

The arbitrator chosen by you and the Company in accordance with the AAA Arbitration Rules and Procedures will be the sole and exclusive judge of the proper interpretation of any agreement between the parties as well as the rules and procedures of the arbitration process including arbitrability of claims.

See Arbitration Agreement [D.E. 10-1 at 14]. The Arbitration Agreement includes the following provision for the recovery of fees and costs incurred in successfully enforcing the Arbitration Agreement (hereafter, "Fees and Costs Provision"):

If any party is required to file a lawsuit to compel arbitration pursuant to this Policy, or defend against a lawsuit filed in court contrary to this Policy's mandatory arbitration provision, such party, if successful, shall be entitled to recover his, her or its reasonable costs and attorneys' fees incurred in such an action, including costs and attorneys' fees incurred in any appeal.

See Fees and Costs Provision [D.E. 10-1 at 14].

On April 14, 2020, Defendants filed their Motion to Compel Arbitration, arguing that: Plaintiff's FMLA claims must be submitted to arbitration, in accordance with the terms of the Arbitration Agreement; this case should be stayed pending arbitration; and seeking an award of attorney's fees and costs pursuant to the Fees and Costs Provision. See Mot. to Compel Arbitration [D.E. 10].

On September 30, 2020, the undersigned issued a Report and Recommendation recommending that the Motion to Compel Arbitration be granted and that the case be stayed pending arbitration. See Report and Recommendation [D.E. 38 at 12]. With regard to Defendants' request for an award of fees and costs, the undersigned noted that it had to be submitted separately in accordance with S.D. Fla. L.R. 7.3. Id. at 3 n.2. On October 19, 2020,

the Court affirmed and adopted the undersigned's Report and Recommendation.  See Order Adopting Magistrate Judge's Report and Recommendation [D.E. 41].

On October 16, 2020, Defendants filed the Motion for Fees pursuant to the Fees and Costs Provision, seeking to recover $4,987.50 in attorney's fees incurred in connection with both the Motion to Compel Arbitration and the Motion for Fees.  See Mot. for Fees [D.E. 40 at 4–5].  In support of Defendants' fee request, Michael A. Pancier ("Attorney Pancier") submitted an Unsworn Declaration (hereafter, "Pancier Declaration") detailing his qualifications and the hours he expended in connection with the Motion to Compel Arbitration and the Motion for Fees.  See Pancier Decl. [D.E. 40-1 at 3-8].

On November 13, 2020, Plaintiff filed his Response in Opposition to the Motion for Fees (hereafter, "Response") [D.E. 45].  Plaintiff argues that: granting Defendants fee request would "frustrate the remedial purpose of the FMLA"; the Fees and Costs Provision is "unenforceable as unconscionable"; "the allocation of attorney's fees and costs should be determined by the arbitrator;" and the amount of fees sought by Defendants is unreasonable. Id. at 2-9.  The undersigned addresses each of these arguments below and concludes that none of them preclude granting the Motion for Fees in the requested amount.

## FEES - ENTITLEMENT

*1.*   *The FMLA.*

The FMLA provides that: "The court in such an action shall, in addition to any judgment awarded to the plaintiff, allow a reasonable attorney's fee, reasonable expert witness fees, and other costs of the action to be paid by the defendant."  29 U.S.C. § 2617(a)(3).

Plaintiff contends that granting the Motion for Fees would "impose a 'chilling effect' that would defeat the remedial purpose of the FMLA."  See Resp. [D.E. 45 at 2–4].  Plaintiff relies

3

for this argument on Hernandez v. Colonial Grocers, Inc., 124 So. 3d 408 (Fla. 2d DCA 2013), where the court found that an arbitration agreement's fee provision had a "chilling effect to defeat the remedial purpose of the [Fair Labor Standards Act ('FLSA')]" because it awarded the prevailing party at arbitration its attorney's fees, while the FLSA only permits a prevailing plaintiff recover their reasonable attorney's fees. Id. at 410.

Here, the Fees and Costs Provision does not address prevailing party fees in the arbitration proceeding. Rather, it provides for an award of fees and costs to the party who successfully compels or opposes arbitration. See Fees and Costs Provision [D.E. 10-1 at 14]. Therefore, the undersigned finds Plaintiff's reliance on Hernandez for his "chilling effect" argument to be misplaced.

### 2. *Unconscionability.*

"Whether an arbitration provision is unconscionable is a question of state law and therefore the provision is interpreted according to state law rules of contract construction. Florida law requires a showing of *both* procedural and substantive unconscionability to invalidate a contract." Aquino v. BT's on the River, LLC, No. 20-CV-20090, 2020 WL 4194477, at *3 (S.D. Fla. 2020) (citation and internal quotation marks omitted) (quoting Pendergast v. Sprint Nextel Corp., 592 F.3d 1119, 1134 (11th Cir. 2010)). "Florida courts recognize that the term 'unconscionable' as it relates to contracts generally means 'shocking to the conscience,' 'monstrously harsh,' or 'to include an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party.'" Patricoff v. Home Team Pest Def., LLC, No. 05-CV-1769, 2006 WL 890094, at *1 (M.D. Fla. 2006) (citing Gainesville Health Care Ctr., Inc. v. Weston, 857 So.2d 278, 283-84 (Fla. 1st DCA 2003)). "The absence of meaningful choice when entering into the contract is often referred to as procedural unconscionability, which

4

'relates to the manner in which the contract was entered[.]'" Basulto v. Hialeah Auto., 141 So. 3d 1145, 1157 (Fla. 2014) (footnote omitted) (citing Powertel, Inc. v. Bexley, 743 So. 2d 570, 574 (Fla. 1st DCA 1999)).

Plaintiff argues that the Fees and Costs Provision is procedurally unconscionable because: "Plaintiff did not have the ability and opportunity to understand the provision"; it was "not subject to negotiation"; and it was "presented on a take-it-or-leave-it basis by a party with superior bargaining power." See Resp. [D.E. 45 at 6–7].

Plaintiff's argument that he did not have the ability and opportunity to understand the Fees and Costs Provision is unavailing. "A party has a duty to learn and know the contents of a proposed contract before he signs and delivers it and is presumed to know and understand its contents, terms and conditions." Sabin v. Lowe's of Fla., Inc., 404 So. 2d 772, 773 (Fla. 5th DCA 1981) (citing Manufacturers Leasing, Ltd. v. Florida Development and Attractions, Inc., 330 So.2d 171 (Fla. 4th DCA 1976)); see also Rocky Creek Ret. Properties, Inc. v. Est. of Fox ex rel. Bank of Am., N.A., 19 So. 3d 1105, 1109 (Fla. 2d DCA 2009) ("Florida law has long held that a party to a contract is 'conclusively presumed to know and understand the contents, terms, and conditions of the contract.'") (quoting Stonebraker v. Reliance Life Ins. Co. of Pittsburgh, 123 Fla. 244, 166 So. 583, 584 (1936)). As to Plaintiff's other procedural unconscionability arguments, "courts applying Florida law uniformly hold that a disparity in bargaining power reflected by a 'take it or leave it' agreement is nowhere near enough to render a contract procedurally unconscionable." Lazo v. W. Coast Trucking Corp., No. 17-CV-21165, 2017 WL 9324346, at *3 (S.D. Fla. 2017) (citing Bhim v. Rent-A-Ctr., Inc., 655 F. Supp. 2d 1307, 1314 (S.D. Fla. 2009)).

    *3.*    *Forum.*

Finally, Plaintiff argues that "the allocation of attorney's fees and costs should be determined by the arbitrator." See Resp. [D.E. 45 at 4–5]. Plaintiff cites the following language in the Arbitration Agreement as support for his position: "[t]he arbitrator 'will be the sole and exclusive judge of the proper interpretation of any agreement between the parties as well as the rules and procedures of the arbitration process[.]'" Id. at 5. However, the Fees and Costs Provision does not implicate the arbitration process *per se*, since it only relates to the pre-arbitration stage. Indeed, in the Report and Recommendation, the undersigned referred Defendants to S.D. Fla. L.R. 7.3 for their fees and costs request. See Report and Recommendation [D.E. 38 at 3 n.2].

Having found no merit in Plaintiff's objections to entitlement, the undersigned next considers the reasonableness of Defendants' fee request.

**FEES - REASONABLENESS**

Defendants seek to recover the sum of $4,987.50 in connection with the Motion to Compel Arbitration and the Motion for Fees, representing 19.95 hours of Attorney Pancier's time at the rate of $250 per hour. See Mot. for Fees [D.E. 40 at 8–12]; Pancier Decl. [D.E. 40-1 at 3–8]. Plaintiff does not challenge Attorney Pancier's hourly rate, but he argues that the number of hours is unreasonable. See Resp. [D.E. 45 at 9].

"A reasonable award of attorney's fees is calculated using the lodestar method, which requires the court to multiply the reasonable hours expended by a reasonable hourly rate." Gary Brown & Assocs., Inc. v. Ashdon, Inc., No. 05-CV-80359, 2006 WL 8435138, at *1 (S.D. Fla. 2006) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). "[T]he Court is an expert on the issues of the prevailing market's reasonable hourly rates for similar work and hours expended."

Learning Connections, Inc. v. Kaufman, Englett & Lynd, PLLC, No. 11-CV-368, 2012 WL 13102412, at *4 (M.D. Fla. 2012) (citing Norman v. Housing Auth. of the City Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988)).

Upon review of the Motion for Fees and the Pancier Declaration, the undersigned notes that Attorney Pancier reasonably applied a discounted hourly rate and excluded certain time entries. Moreover, with regard to Defendants' request for fees on fees, the language of the Fees and Costs Provision is broad enough to allow such recovery. See Apple Glen Invs., L.P. v. Express Scripts, Inc., No. 14-CV-1527, 2018 WL 2945629, at *13 (M.D. Fla. 2018) (finding that contractual language allowing recovery of "any and all reasonable costs and expenses incurred . . . in connection with any litigation or other action" was broad enough to support recovery of fees on fees). Therefore, the undersigned concludes that the hourly rate and the hours expended in connection with the Motion to Compel Arbitration and the Motion for Fees are reasonable.

## RECOMMENDATION

Based on the foregoing considerations, the undersigned RESPECTFULLY RECOMMENDS that the Motion for Fees [D.E. 40] be **GRANTED** and that Defendants be awarded the sum of **$4,987.50** in attorney's fees incurred in connection with the Motion to Compel Arbitration and the Motion for Fees.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Jose E. Martinez. Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28

U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Chambers at Miami, Florida, this 10th day of May, 2021.

_____<br>
ALICIA M. OTAZO-REYES<br>
UNITED STATES MAGISTRATE JUDGE

cc:   United States District Judge Jose E. Martinez
      Counsel of Record