UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 20-21300-CIV-MARTINEZ-OTAZO-REYES

RAUL QUINTANA,

    Plaintiff,

vs.

TRANSPORTATION AMERICA, INC.,
LIMOUSINES OF SOUTH FLORIDA, INC.,
and FRANKCRUM 5, INC.,

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

**THE MATTER** was referred to the Honorable Alicia M. Otazo-Reyes, United States Magistrate Judge, for a Report and Recommendation on Defendants Transportation America, Inc., and Limousines of Florida, Inc.'s Motion for Attorney's Fees and Costs. (ECF No. 40).

This case concerns a dispute over alleged violations of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601, *et seq.* ("FMLA"). (*See* ECF No. 1). Plaintiff was employed as a bus driver/operator with Defendant Limousines of South Florida Inc. (ECF No. 38 at 2). Plaintiff alleged that he was also employed by Defendants Transportation America, Inc. ("TAI") and Frankcrum 5, Inc. because Defendants "share common ownership, common management, centralized control of labor relations, and common offices and interrelated operations." (Compl. ¶ 9). As a condition of Plaintiff accepting employment with Defendants, Plaintiff executed an alternative dispute resolution agreement ("Arbitration Agreement"), containing an arbitration provision:

> As a condition of your employment, you agree to utilize the [Limousines of South Florida's] employment alternative resolution processes to resolve legal claims

1

> against the Company - rather than go to court. You will submit any employment related legal claim except workers' compensation and unemployment compensation to final and binding neutral third party arbitration pursuant to the existing National Rules for the Resolution of Employment Disputes of the American Arbitration Association. Except for a filing fee, the costs of arbitration will be paid by the Company unless you want to share in the costs.

(ECF No. 47 at 1–2; ECF No. 10-1 at 14). The Arbitration Agreement also contained a provision on attorney's fees and costs:

> If any party is required to file a lawsuit to compel arbitration pursuant to this Policy, or defend against a lawsuit filed in court contrary to this Policy's mandatory arbitration provision, such party, if successful, shall be entitled to recover his, her or its reasonable costs and attorneys' fees incurred in such an action, including costs and attorneys' fees incurred in any appeal.

(ECF No. 47 at 1–2; ECF No. 10-1 at 14).

Plaintiff's two-count Complaint alleges that Defendants (1) failed to notify Plaintiff of his eligibility status and rights under the FMLA, and (2) interfered with Plaintiff's rights to take leave under the FMLA by terminating his employment. (Compl. ¶¶ 28–48). Shortly after Plaintiff initiated this action, Defendants Transportation America, Inc. ("TAI"), and Limousines of Florida, Inc. ("LSF") moved to compel arbitration, arguing that Plaintiff's claims must be arbitrated pursuant the Arbitration Agreement. (ECF No. 10). In opposing the motion to compel arbitration, Plaintiff argued that (1) the parties did not enter into an agreement to arbitrate because there was no meeting of the minds, (2) the arbitration agreement is unenforceable as unconscionable, and (2) Defendant TAI is not entitled to compel arbitration because it is not a signatory to the Arbitration Agreement. (ECF No. 11 at 2–10). The Court referred the motion to compel arbitration to Magistrate Judge Otazo-Reyes, who issued a well-reasoned and thorough R&R rejecting each of Plaintiff's arguments and recommending that this case be stayed pending arbitration. (ECF No. 38 at 4–12). The Court affirmed and adopted Judge Otazo-Reyes's R&R on Defendants' motion to compel arbitration (ECF No. 47), and Plaintiff and Defendants LSF and TAI proceeded to

arbitration.[1]

Defendants TAI and LSF then moved for an award of attorney's fees and costs incurred in having to compel arbitration and defend this action. (ECF No. 40). The Court referred this Motion for Attorney's Fees and Costs to Judge Otazo-Reyes, who filed an R&R recommending that the Motion be granted. (ECF No. 15). Plaintiff timely filed Objections to the R&R, (ECF No. 48), to which the Defendants responded, (ECF No. 19). Plaintiff objects to the R&R on three bases: (1) Defendant TAI was not a signatory to the arbitration agreement; (2) Defendants TAI and LSF have not prevailed on any significant issues in the litigation; and (3) Plaintiff has a good-faith basis for challenging the arbitration agreement. (ECF No. 48 at 1–5).

The Court, having conducted a *de novo* review of the record, rejects each of Plaintiff's objections. The Court already rejected Plaintiff's first objection when it granted Defendant TAI and LSF's motion to compel arbitration. (ECF No. 38 at 10–12; ECF No. 41). Plaintiff's second objection—that Defendants are not prevailing parties—fails because the fees awarded here are for prevailing on the motion to compel arbitration and the instant motion for attorney's fees, not for prevailing on the merits. *See Ibrahim v. Morton's Rest. Grp., Inc.*, No. 04-CIV-20554, 2005 WL 6068544, at *3 (S.D. Fla. Mar. 16, 2005) (holding that a substantially similar arbitration provision entitled defendants to fees incurred for both the motion to compel arbitration and the motion for attorneys' fees). The Court rejects Plaintiff's third objection because there is no good-faith exception to an entitlement to attorney's fees, and the Court has already decided that the Arbitration Agreement was not unconscionable. (*See* ECF No. 38 at 8–10; ECF No. 41). Accordingly, after careful consideration, it is hereby **ORDERED AND ADJUDGED** that

---

[1] Even though Defendant Frankcrum 5, Inc. did not move to compel arbitration, this case was stayed in its entirety because the claims asserted against Frankcrum 5, Inc., were inextricable intertwined with the claims asserted against TAI and LSF. (*See* ECF No. 38 at 11).

1. United States Magistrate Judge Otazo Reyes's Report and Recommendation, (ECF No. 47), is **AFFIRMED** and **ADOPTED**.

2. Defendants Transportation America, Inc. and Limousines of Southern Florida, Inc.'s Motion for Attorney's Fees and Costs, (ECF No. 40), is **GRANTED**. Defendants Transportation America, Inc. and Limousines of Southern Florida, Inc. are awarded **$4,987.50** in attorney's fees incurred in connection with the Motion to Compel Arbitration, (ECF No. 10), and the Motion for Fees, (ECF No. 40).

**DONE AND ORDERED** in Chambers at Miami, Florida, this 22nd day of February, 2022.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Otazo-Reyes
All Counsel of Record